UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

NOV - 5 2009

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:09CR680ERW(MLM) |
| ) | |
| HAKEEM RASHEEN, ) | |
| a/k/a LESLIE L. MAYS, ) | |
| ) | |
| Defendant. ) | |

## SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but including early 2009 and continuing thereafter to and including the date of this Indictment, with the exact dates unknown to this Grand Jury, in the Eastern District of Missouri and elsewhere, the defendant,

**HAKEEM RASHEEN,**

did knowingly conspire, combine, and agree with others known and unknown to the Grand Jury, to commit offenses against the United States, to wit: (a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the sale of vehicles; (b) which in fact involved the proceeds of a specified unlawful activity, to wit: the distribution of cocaine base (crack) in violation of Title 21, United States Code, Section 841(a)(1); (c) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant, HAKEEM RASHEEN, knew that

the funds involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h).

## COUNT II

The Grand Jury further charges that:

Between March 11 and March 13, 2009, in the Eastern District of Missouri, the defendant,

**HAKEEM RASHEEN,**

did (a) knowingly conduct a financial transaction affecting interstate commerce, to wit: the sale of a 1997 Chevrolet Blazer on March 13, 2009; (b) which transaction involved property which was represented to be proceeds from the distribution of a controlled substance; (c) while acting with the intent to conceal and disguise the nature, location, source, ownership, and control of the property believed to be proceeds of specified unlawful activity.

In violation of Title 18, United States Code, Section 1956(a)(3)(B).

## COUNT III

The Grand Jury further charges that:

On or about February 23, 2009, in the City of St. Louis, within the Eastern District of Missouri, the defendant,

**HAKEEM RASHEEN,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess firearms, to wit: a Taurus, 92 AF model, 9mm caliber semi-automatic pistol bearing serial number L01929, which had been transported in interstate or foreign commerce, in violation of Title 18, UnitedStates Code, Sections 922(g)(1) and 924(a)(2).

## COUNT IV

The Grand Jury further charges that:

On or about April 14, 2009, in the City of St. Louis, within the Eastern District of Missouri, the defendant,

**HAKEEM RASHEEN,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess firearms, to wit:

1) a Smith & Wesson, 4043 model, .40 caliber semi-automatic pistol bearing serial number TZF8330;

2) a Glock, 27 model, .40 caliber semi-automatic pistol bearing serial number KSW780;

each of which had been transported in interstate or foreign commerce, in violation of Title 18, UnitedStates Code, Sections 922(g)(1) and 924(a)(2).

## COUNT V: CRIMINAL FORFEITURE ALLEGATION (MONEY LAUNDERING)

1) The allegations of Counts I and II of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2) The property, real and personal of defendant,

**HAKEEM RASHEEN,**

(a) involved in the violation of law set out in Count I and II of this Indictment, and

(b) traceable to such property,

is property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and Title

28, United States Code, Section 2461(c).

 3) The property to be forfeited includes, but is not limited to, the following:

  (a) A sum of money equal to the value of any property involved in the money laundering offenses for which the defendant has been convicted;

  (b) All property constituting the subject matter of the money laundering offenses for which the defendant has been convicted;

  (c) All property used to commit or to facilitate the commission of the money laundering offenses for which the defendant(s) have been convicted;

 4) Properties specifically subject to forfeiture, as set out at paragraph 2 and 3 above, includes, but is not limited to:

  (a) 2006 Chrysler 300, VIN 2C3KA43R16H413867

  (b) 2002 Jaguar S-Type, VIN SAJDA03PX2GM39953

 5) If any of the properties described above, as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to forfeit

substitute property of the defendant up to the value of the property described in paragraphs 2, 3, and 4 above, or elsewhere.

A TRUE BILL

_____
FOREPERSON

MICHAEL W. REAP
Acting United States Attorney


_____
JEANNETTE S. GRAVISS #541316
Assistant United States Attorney

5